# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| **THEODORE NICHOLS,** | **CV 08-89-BU-RFC** |
| **Plaintiff,** | |
| **vs.** | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

This matter came before the Court for trial without a jury, the Honorable Richard F. Cebull presiding, on the 13th day of October, 2010.  Plaintiff, Theodore (Ted) Nichols was represented by Torger S. Oaas.  Defendant, United States of America, was represented by Assistant United States Attorney, Timothy J. Cavan.

Witnesses were sworn and testified, and certain exhibits were offered and received into evidence.  From the evidence presented, the Court makes the following:

## I.  FINDINGS OF FACT:

1.      This is a negligence action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*  Plaintiff Theodore ("Ted") Nichols seeks recovery for injuries he sustained in a fall occurring on the premises of a United States Post Office on December 13, 2006.

2.      Plaintiff is a citizen of the State of Montana, and resides in Wise River, Beaverhead County, Montana, where the accident occurred.

3.      The United States, through the United States Postal Service, owns and operates the United States Post Office in the town of Wise River, Montana, 59762. The Post Office is located just north of U.S. Highway 43, and just west of Gnose Mercantile.

4.  Wise River is located in southwest Montana, approximately 30 miles south of Butte, Montana.  It is situated on the Big Hole River in the Pioneer Mountains.  The town has an elevation of  approximately 6,200 feet, in what can generally be described as an alpine environment.

5.  Wise River is a rural community.  The only paved roadway in the town is State Highway 43, which runs east and west through the middle of the community. There are three commercial establishments in the community: the "Wise River

Club," which is a restaurant and bar; Gnose Mercantile, a small general store; and the one-employee U.S. Post Office.

6.  The climate is typical for mountain communities in Montana.  The winter months are generally cold with snow, and sub-zero temperatures, particularly at night, are very common.  However, temperatures can vary widely from 30-40 degrees below zero to 50 degrees above zero.  The weather and the temperatures can also change very rapidly.

7.  The amount of snowfall also varies from year to year, but the area generally has snow and ice throughout the winter.  Snow accumulations of approximately two feet are typical in the Wise River community, with three to four feet in the surrounding area.

8. The Wise River Post Office is located on a dirt road off of Highway 43. The customer entrance to the post office is located on the south side of the building. A concrete parking area is also located on the south side of the building. The parking area has three spaces, including a handicapped space situated closest to the building.

9. A sidewalk borders the west and north side of the parking lot, leading to the customer entrance.  A handrail is also provided along the sidewalk in the area of the customer entrance.

3

10. Mail was delivered to residents in the Wise River area who had mail boxes located on Highway 43.  Alternatively, they could pick up their mail from a post office box at the Wise River Post Office.  The post office boxes are located inside the south entrance to the post office.  The Plaintiff lives approximately 200 yards from the post office, and he picked up his mail from a post office box.

11. The sidewalk and parking area is illuminated during nighttime hours by an outdoor light.  The light is located near the apex of the south side of the building.  It is light-sensitive, and activates on its own at dark, and shuts off at daylight.  Elena Ventres testified that the exterior light was illuminated on the night of Plaintiff's accident, and provided light onto the parking area.  Della Reinhardt further testified that the light was functioning properly when she assumed the postmaster position at the Wise River Post Office on September 29, 2007.

12. The exterior area of the customer entrance is also illuminated by lights inside the post office building.  Lights are left on in the post office box area 24 hours per day, and a window and glass door from the post office box area provides additional light to the area of the walkway and entrance on the south side of the building.

13. While Wise River Postmaster Robert "Shamus" Rojecki did not favor the "mercury vapor" lights used on the exterior of the building, he confirmed that the

4

combination of exterior and interior lighting on the south side of building provided "plenty of light" when he would arrive at the post office before daylight, or leave after dark.  Plaintiff would similarly pick up his mail after dark during the winter months, and he was not aware of any deficiency in the lighting outside the building prior to his accident.

14.  The post office is open from 8:00 to 5:00 Monday through Friday, and 8:00 to 10:00 on Saturday morning.  However, the post office box area is left open 24 hours a day to accommodate customers who cannot pickup their mail during regular business hours.

15. Snow and ice removal at the post office was done by Postmaster  Rojecki. Rojecki lived in Butte, but commuted to Wise River each work day.  He would remove any snow the first thing in the morning, and would also shovel again later in the day, depending upon conditions.  If necessary, Rojecki would come in early on his own time to clear the parking area and sidewalks.  He kept his personal four-wheel ATV in Wise River, which had a snowplow attachment. Depending upon the depth of snow fall, he would either use the ATV or a regular snow shovel to remove any new accumulations of snow and ice.

16. Although Rojecki was not at the post office 24 hours per day, the parking lot and sidewalks were kept well maintained and sanded when he was there.

17. Prior to the 2005, Rojecki would also use ice melt and sand for any ice which formed overnight on the parking area or walkways.  However, the concrete in the parking area and the walkways was redone with new concrete in 2004 or 2005. The contractor recommended that ice melt not be used on the new concrete for two years after its installation.  Consequently, Rojecki used sand on any ice in the parking lot or walkways thereafter, but discontinued the use of ice melt.

18. Plaintiff, age 56, was raised in Anaconda, Montana, approximately 40 miles from Wise River, but has lived in Wise River since 1982.  He lives with his wife Sheri and daughter Kari.

19. Plaintiff is a journeyman pipefitter. In 2006 he was employed by Tri County Electric. He was performing work at a location in Butte, Montana, and would commute from Wise River to Butte each day for work.

20. Plaintiff's accident occurred on December 13, 2006. The temperature in Wise River on that date ranged from a low of 21 degrees to a high of 37. (Ex. 8). It also rained late in the afternoon, which is highly unusual for the Wise River area in December.  When it started getting dark, the temperature dropped.  The rain then turned to ice, and conditions became very icy in the entire Wise River area.  The freeze occurred after the post office had closed at 5:00 p.m.

21. Dale Ventres was a volunteer ambulance first responder who was called to Plaintiff's accident. Mr. Ventres lives approximately five miles outside of Wise River.  He testified that he took his truck to the call, because his front-wheel-drive car would not have made it out of his driveway that night.  He described the roadways leading into Wise River as extremely icy, and said that every hard surface in the entire area had turned to "skating-rinkquality ice" that night. The parking area of the post office was similarly very icy.

22. On December 13, 2006, Plaintiff drove to Wise River from Butte after work. He stopped at the Wise River Post Office on his way home at approximately 6:15 p.m. to obtain his mail.

23. The post office is located on the road leading to Plaintiff's home, and he stopped to get his mail from his post office box.  Instead of parking in the parking area, Plaintiff pulled his pickup truck up to the east side of the post office building. He got out of his truck and walked across the handicapped space in the parking area to the side walk on the south side of the building, and entered the post office.

24. On his way into the building, Plaintiff was able to observe the condition of the parking lot and was aware that it was snowy and icy.  In addition, from his many years in the area, Plaintiff was also aware that when there is a freeze/thaw event, conditions are going to be slick.

7

25. After retrieving his mail, the Plaintiff retraced his steps out of the post office entrance and onto the walkway leading to the parking area.  However, when he stepped off of the sidewalk onto the parking area with his right leg, his right leg slipped out from under him, and he fell and injured his left leg.

26. Plaintiff was able to get back into the post office, where others in the area soon discovered him and came to his aid.  An ambulance was called, and plaintiff was transported to Butte for medical assistance.

27. Plaintiff was seen and treated in Butte by orthopedic surgeon Michael Gallagher, M.D. He was diagnosed with a torn quadriceps tendon of his left leg. The injury was surgically repaired by Dr. Gallagher on December 15, 2006.

28. Dr. Gallagher released Plaintiff to return to light duty work on February 19, 2007, and then released him to work without restrictions on March 16, 2007.

From the foregoing findings of fact, the Court makes the following:

## II. CONCLUSIONS OF LAW

1.  The Court has jurisdiction of this action pursuant to the Federal Tort Claims Act (FTCA).  28 U.S.C. § 1346(b)(1).

2.  The incident which forms the basis of this action occurred on or about December 13, 2006 in Wise River, Beaverhead County, Montana; and therefore,

venue in the United States District Court for the District of Montana, Butte

Division, is proper pursuant to 28 U.S.C. § 1402(b) and L.R. 1.11(a)(2)(A)(i)&(ii).

3. Under the FTCA, the United States is liable for torts committed by its

agencies and employees in the same manner and to the same extent as a private

individual under like circumstances in accordance with the law of the place where

the act or omission occurred. 28 U.S.C. § 2674. Applicable state law must be the

source of the claim for relief. *Trombetta v. United States*, 613 F. Supp. 169 (D.

Mont. 1985).

4. The burden of proof in a civil case is the same regardless of whether the

finder of fact is a judge in a bench trial or a jury. *Cabrera v. Jakabovitz*, 24 F.3d

372, 380 (2d Cir. 1994), *cert. denied*, 513 U.S. 876 (1994). That is, a plaintiff bears

the burden of satisfying the finder of fact that he or she has proven every element of

their claim by a preponderance of the evidence. Preponderance of the  evidence

means such evidence as, when considered with that opposed to it, has more

convincing force, and demonstrates that what is sought to be proved is more likely

true than not true.

5. Negligence is the failure to use reasonable care. Negligence may consist of

action or inaction. A person is negligent if he fails to act as an ordinarily careful

person would act under the circumstances. *Wheeler v. City of Bozeman*, 757 P.2d 345, 347 (Mont. 1988).

6. Under Montana law, the four essential elements of a negligence claim are: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Wiley v. City of Glendive*, 900 P.2d 310, 312 (Mont. 1995).

7. As to the question of duty, "[t]he possessor of the premises has a duty to use ordinary care in maintaining the premises in a reasonably safe condition and to warn of any hidden or lurking dangers. What constitutes a reasonably safe premises is generally considered to be a question of fact. Whether a premises is reasonably safe depends to a large extent on what use the property is put to, its setting, location, and  other physical characteristics; the type of person who would foreseeably visit, use, or occupy the premises; and the specific type of hazard or unsafe condition alleged. The possessor of the premises is not liable to persons foreseeably upon the premises for physical harm caused to them by any activity or condition on the premises whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Richardson v. Corvallis Public School Dist. No. 1*, 950 P.2d 748, 755-56 (Mont. 1997). "[W]hether the possessor of the premises should have anticipated harm depends on

10

the 'degree of ordinary care which reasonable persons would use under the same or similar circumstances.'" *Id*.

8. The Court finds that the United States Postal Service exercised ordinary care in maintaining the Wise River Post Office premises in a reasonably safe condition. It did so by regularly removing snow from the parking lot and exterior walkways each morning after a snowfall; by applying sand to ice when necessary; and by regularly monitoring the condition of the parking area and exterior walkways throughout each business day, and removing any new accumulations of snow and ice. The United States' duty to maintain its premises is the same as a private individual in like circumstances. The care provided by the Postal Service in maintaining its premises in Wise River was at least equal to, if not significantly greater than, the care provided by private individuals in like circumstances in rural Montana.

9. The Postal Service is not an insurer of the safety of the premises. It cannot monitor and maintain the Wise River Post Office premises around the clock. Winters in Montana, particularly in higher elevations, are typically characterized by sub-freezing temperatures with snow and ice. Conditions can also change very rapidly, and it is common to have very icy conditions following a thaw during the day and freeze at night. That is what occurred here. An atypical December rain late

in the day on October 13 was followed by a freeze after sunset. To maintain a premises free of snow and ice under such circumstances would require monitoring and maintenance 24 hours a day, 7 days a week. Such a requirement is not reasonable for private individuals in rural Montana, and would clearly require extraordinary care. The standard is one of ordinary care under the relevant circumstances, and the Postal Service exercised ordinary care here.

10. The issue of whether the exterior lights were functioning properly at the time, and/or were adequate, is not causally related to plaintiff's fall. This is not a situation where the plaintiff was unaware that the area was icy, and slipped and fell on a latent hazardous condition. Plaintiff was able to observe the parking lot on his way into the post office, and was aware that the parking lot was snowy and icy. In addition, the plaintiff is a lifelong resident of the area, and was fully aware that the thawing and wet conditions that exist during the day on December 13, would result in slippery conditions that night. Therefore, Plaintiff was certainly aware of the icy conditions that existed in Wise River that night, and was not caught unaware by the alleged inadequacy of the lighting at the post office.

11. Plaintiff is a good, hardworking man, who suffered a very unfortunate injury performing a routine task in his daily life. The United States, however, is not liable for the injury and damages sustained.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED**, pursuant to Fed. R. Civ. P. 58, that the Clerk of Court enter judgment by separate document in favor of the Defendant, United States of America, dismissing Plaintiff's claims, with prejudice.

**IT IS FURTHER ORDERED** that Defendant is entitled to such costs as are authorized by law.

Dated this 8th day of November, 2010.

/s/ Richard F. Cebull_____
Richard F.Cebull
United States District Judge

13